UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SELECTIVE INSURANCE CO., : | |
|     Plaintiff, : | CIVIL ACTION NO. |
| : | 07-cv-918 (JCH) |
| v. : | |
| : | |
| OLIVEIRA BUILDING : | |
| CONTRACTORS, LLC, ET AL., : | MAY 18, 2009 |
|     Defendants. : | |

**RULING RE: MOTIONS FOR SUMMARY JUDGMENT (Doc. Nos. 70 and 72)**

Pending before the court is a Motion for Summary Judgment by Robert Zach and Joan Zach as to their claims against Selective Insurance Company (Doc. No. 70), and a Motion for Summary Judgment by Selective Insurance Company as to all defendants remaining in the case as of December 1, 2008, the date of the filing of Selective's Motion (Doc. No. 72).

**I.   MOTION FOR SUMMARY JUDGMENT BY ROBERT ZACH AND JOAN ZACH (Doc. No. 70)**

On January 12, 2009, Selective Insurance Company, Robert Zach, and Joan Zach filed a stipulation of dismissal withdrawing all claims between them (Doc. No. 109). The court entered an order accepting the stipulation (Doc. No. 111). In light of the Stipulation, the Motion for Summary Judgment by Roberrt Zach and Joan Zach (Doc. No. 70) is DENIED AS MOOT.

**II.   MOTION FOR SUMMARY JUDGMENT BY SELECTIVE INSURANCE COMPANY (Doc. No. 72)**

Selective Insurance Company ("Selective") has filed a Motion for Summary Judgment as to Oliveira Building Contractors, LLC ("the LLC"), Nilander Oliveira, Robert

Zach and Joan Zach, Francisco Aldia Barros Setubal, Pedro Setubal,[1] and Antonio Molinda-Vanegas. The action arises out of an incident that resulted in injury on November 9, 2005, at the construction of a three-story home. Selective Insurance Company seeks a declaration that the LLC's failure to cooperate with Selective's investigation of the November 9, 2005 incident precludes coverage for the LLC as well as the LLC's alleged indemnitees and any additional insureds. No defendant has filed an opposition to the Motion.

A.  Factual Background[2]

Robert and Joan Zach owned property in Greenwich, Connecticut ("construction site"), on which LoParco, as general contractor, was constructing a three-story home. Prior to November 9, 2005, LoParco allegedly hired the LLC and Eden Farms, LLC ("Eden Farms") to perform framing, carpentry, and other construction-related services at the construction site. Nilander Oliveira is allegedly the principal owner and/or member of Oliveira. On November 9, 2005, Pedro Setubal and Francisco Aldia Barros Setubal were working at the construction site allegedly as employees of the LLC. During the course of the work, the portico/scaffolding upon which the Setubals were allegedly working suddenly collapsed, causing them to suffer physical injuries.

As a result of the injuries that allegedly occurred on November 9, 2005, the Setubals instituted a lawsuit in Connecticut state court against LoParco, Robert and

---

[1] In the pleadings and exhibits, this defendant is sometimes referred to as Antonio Pedro Setubal and sometimes as Pedro Setubal. The court will refer to him as Pedro Setubal, which is how he is identified in Selective's complaint and in Setubal's counsel's Notice of Appearance.

[2] Under Local Rule 56(a)(1), in the absence of a Local Rule 56(a)(2) Statement, the court has deemed admitted all material facts set forth in Selective's Local Rule 56(a)(1) Statement and supported by citations to competent evidence.

Joan Zach, the LLC, Nilander Oliveira, and Eden Farms. In their suit, the Setubals alleged that their injuries were caused by the negligence of the named defendants.

Prior to November 9, 2005, Selective issued a commercial general liability policy and excess insurance policy to the LLC, bearing policy number S1754513. The policy requires that, in the event of an occurrence which may result in a claim, notice must be made to Selective "as soon as practicable." The policy requires the LLC and any other insured to cooperate with Selective in the investigation or settlement of the claim or defense.

The LLC and its principal owner and/or member, Nilander Oliveira, failed to cooperate with Selective's investigation of the November 9, 2005 incident. Their failure to cooperate included completely ignoring Selective's numerous requests for information regarding the incident. Selective was notified of the incident on November 17, 2005, by the LLC's insurance agent, who had been notified by LoParco's insurance carrier. Selective began an investigation and attempted to obtain the LLC's cooperation through telephone calls, written correspondence, and a personal visit. Only one telephone call successfully reached a representative of the LLC, Adrianna Oliveira, who did not provide details of the incident and expressed confusion about why Selective had opened a "liability file" on the incident. Other attempts at contact were to no avail. Selective also contacted Rose & Kiernan, the LLC's insurance agent, to get its assistance in obtaining the LLC's cooperation. In written correspondence, Selective warned the LLC that it would be reserving its right under the Policy due to the LLC's lack of cooperation.

Selective's pre-suit efforts to gain the cooperation of the LLC were entirely

3

unsuccessful. Further, once the lawsuit was filed, a representative of the LLC failed to appear for a scheduled deposition under Fed. R. Civ. P. 30(b)(6), and Selective was unable to serve a notice of deposition on Nilander Oliveira because he was incarcerated.

B.   Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000).

Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a factfinder to find in her favor, Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

When assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. Anderson, 477 U.S. at 255; Graham, 230 F.3d at 38. "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party." Carlton v. Mystic Transp., Inc., 202 F.3d 129, 134 (2d Cir. 2000). "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised on the basis of the evidence presented, the question must be left to the factfinder. Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

Because no defendant has set forth any facts in opposition to the facts stated by

Selective in its Local Rule 56(a)(1) Statement, and the stated facts are supported by citations to competent evidence, the court deems the facts offered by Selective to be admitted.

    C.    <u>Analysis</u>

"[A]bsent estoppel, waiver or other excuse, the substantial or material breach of the cooperation provisions of the insurance policy by an insured puts an end to the insurer's obligation." <u>Brown v. Employer's Reinsurance Corp.</u>, 206 Conn. 668, 675 (1988). To end the insurer's obligation, the non-cooperation must be substantial; "the condition of cooperation with an insurer is not broken by a failure of the insured in an immaterial or unsubstantial matter." <u>Arton v. Liberty Mut. Ins. Co.</u>, 163 Conn. 127, 133 (1972). If an insurer "make[s] a diligent search and inquiry," and fails to locate the insured, that can constitute a substantial or material breach of the provisions of the policy. <u>Id.</u> at 135.

An insured who fails to timely cooperate may retain coverage if the insured can establish the failure to timely cooperate did not result in any prejudice to the insurer. <u>Taricani v. Nationwide Mut. Ins. Co.</u>, 77 Conn. App. 139, 150, 152 (Conn. App. Ct. 2003). The burden is on the insured to demonstrate lack of prejudice; the insurer need not show prejudice. <u>Id.</u>

The LLC's repeated refusal to cooperate with Selective constitutes a material breach of the policy. The policy requires that the LLC cooperate with Selective in the investigation or settlement of the claim or defense against any suit. With one exception, the LLC did not respond to Selective's repeated efforts to make contact and obtain cooperation, nor did a representative of the LLC respond to a properly served

5

deposition notice. Selective's efforts at contact, which included repeated telephone calls, written correspondence, and a personal visit, clearly satisfy the "diligent search and inquiry" requirement. See Arton, 163 Conn. at 135. Finally, no insured has attempted to establish that any failure at cooperation did not prejudice Selective. Accordingly, the LLC, including its alleged member/principal, Nilander Oliveira, has forfeited coverage under the Policy that might otherwise have been available.

Because of the complex procedural posture of this case, the court will separately address the claims against the various categories of defendants.

### 1. Oliveira Building Contractors, LLC

On April 23, 2008, the court granted Selective's Motion for Default Entry as to Oliveira Building Contractors, LLC.[3] On May 29, 2008, the court denied Selective's Motion for Default Judgment as to the LLC without prejudice to renew at the close of the case. The default remains entered against the LLC. Because "a default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability," Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 69 (2d Cir. 1971), rev'd on other grounds, 409 U.S. 363 (1973), Selective's Motion for Summary Judgment as to Oliveira Building Contractors, LLC is unnecessary and is therefore DENIED AS MOOT. The court further construes the Motion for Summary Judgment as a Motion to Renew Selective's prior Motion for Default Judgment as to Oliveira Building Contractors, LLC, see Doc. Nos. 47 and 53, and GRANTS that Motion (Doc. No. 47 in part)

---

[3] The court also granted Selective's Motion as to Nilander Oliveira and Antonio Molinda-Vanegas, but this default as to those defendants was subsequently vacated on May 29, 2008. See Doc. No. 53.

2.      Robert Zach and Joan Zach

Selective seeks a declaration that the LLC's failure to cooperate also forecloses coverage for claims against Robert and Joan Zach. Because claims between Selective and Robert and Joan Zach have been dismissed pursuant to the parties' stipulation, there is no longer a live controversy between those parties. Accordingly, Selective's Motion for Summary Judgment as to Robert Zach and Joan Zach is DENIED AS MOOT.

3.      Nilander Oliveira

Selective seeks summary judgment against Nilander Oliveira, who has never appeared in this action. Nilander Oliveira was purportedly served on March 3, 2008. See Doc. No. 34. On April 23, 2008, the court granted Selective's Motion for Default Entry as to Nilander Oliveira. On May 29, 2008, the court vacated its entry of default on the ground that Nilander Oliveira had not been properly served.

In its Motion for Summary Judgment, Selective contends that Nilander Oliveira was, in fact, properly served. It has now submitted evidence in the form of an affidavit of private investigator Timothy J. Palmer, stating that prior to Nilander Oliveira's arrest on March 13, 2008, the address at which Oliveira was served—24 Deerfield Drive, Shelton, Connecticut—was "a known, valid address for Nilander Oliveira." Though Selective should have addressed the issue of improper service more promptly, the court accepts the unopposed affidavit and concludes that Nilander Oliveira was properly served and joined in this action.

Nilander Oliveira has neither appeared nor responded to Selective's Motion for Summary Judgment. The court has concluded that the LLC and its members' failure to

cooperate has resulted in them forfeiting coverage under the Policy that might otherwise have been available. Because Selective has met its burden under Fed. R. Civ. P. 56 and Local Rule 56, Selective's Motion for Summary Judgment as to Nilander Oliveira is GRANTED.

    4.  Francisco Aldia Barros Setubal and Pedro Setubal

Francisco Aldia Barros Setubal and Pedro Setubal have appeared through counsel in this action but have not objected to Selective's Motion for Summary Judgment. The court has concluded that the LLC's failure to cooperate has resulted in its forfeiting coverage under the Policy that might otherwise have been available to it. Because Selective has met its burden under Fed. R. Civ. P. 56 and Local Rule 56, Selective's Motion for Summary Judgment as to Francisco Aldia Barros Setubal and Pedro Setubal is GRANTED.

    5.  Antonio Molina-Vanegas

Selective seeks summary judgment against Antonio Molina-Vanegas, but has never properly served him. See Doc. No. 53 (vacating entry of default as to Molina-Vanegas for failure to properly serve him). Selective has not called the court's attention to any subsequent efforts to serve Molina-Vanegas. Accordingly, Selective's Motion for Summary Judgment as to Molina-Vanegas is DENIED, and Selective's claim against Molina-Vanegas is DISMISSED for failure to prosecute or serve Molina-Vanegas within the time allowed for service.[4]

---

[4] Selective claims that any underlying potential claims against Selective by Molina-Vanegas have been foreclosed due to his failure to file a suit within the statute of limitations. That may be true, but absent personal urisdiction over Molina-Vanegas, the court may not enter a judgment that binds him.

### III.     CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment by Robert Zach and Joan Zach (Doc. No. 70) is DENIED as moot.  The Motion for Summary Judgment by Selective Insurance Company (Doc. No. 72) is DENIED as moot as to Robert Zach, Joan Zach, and Oliveira Buildings Contractors, LLC, DENIED as to Antonio Molina-Vanegas, and GRANTED as to Nilander Oliveira, Francisco Aldia Barros Setubal, and Pedro Setubal.  The court further construes Selective's Motion for Summary Judgment as a Motion to Renew Selective's prior Motion for Default Judgment as to Oliveira Building Contractors, LLC (Doc. No. 47 in part), and GRANTS that Motion.  Selective's claim against Antonio Molina-Vanegas is DISMISSED for failure to prosecute or serve.

A declaratory judgment as prayed for in the First Amended Complaint shall enter for Selective Insurance Company against Oliveira Buildings Contractors, LLC, Nilander Oliveira, Francisco Aldia Barros Setubal, and Pedro Setubal.  The Clerk shall close this case.


**SO ORDERED.**

Dated at Bridgeport, Connecticut this 18th day of May, 2009.

                                         /s/ Janet C. Hall
                                         Janet C. Hall
                                         United States District Judge